1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIENNE F.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:19-cv-01640-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

13
14
15
16
17
18
19

      Plaintiff appeals the denial of her application for Supplemental Security Income and Disability Insurance Benefits, contending the ALJ erred in evaluating her testimony and the medical opinion evidence, and requests remand for an award of benefits.  Dkt. 11.  The Commissioner concedes the ALJ erred but argues the case should be remanded for further administrative proceedings.  Dkt. 12.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

20

## BACKGROUND

21
22
23

      Plaintiff is 40 years old, has a high school education, and has worked as a home healthcare attendant and a child care worker.  Tr. 1286.  She alleges disability as of January 26, 2014.  Tr. 1252.  Her applications were denied initially, on reconsideration, and in a 2016 ALJ

1    decision.  Tr. 1252.  On appeal to this court, the case was remanded for reconsideration of

2    Plaintiff's testimony and two medical opinions.  Tr. 1356-66.  On remand, after conducting a

3    hearing in April 2019, the ALJ issued a decision in June 2019 finding Plaintiff not disabled.  Tr.

4    1278-1325, 1252-70.

## DISCUSSION

6    **A.    Plaintiff's Testimony**

7           The ALJ could only discount Plaintiff's testimony as to symptom severity for "specific,

8    clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d

9    664, 678 (9th Cir. 2017).  Lack of corroborating medical evidence can be considered, but is not

10   itself sufficient to discount a claimant's testimony.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th

11   Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain

12   testimony, it is a factor that the ALJ can consider in his credibility analysis.").

13          **1.      Digestive System Impairment**

14          Plaintiff contends, and the Commissioner concedes, the ALJ erred by failing to address

15   Plaintiff's testimony of limitations caused by her digestive impairment.  *See* Dkt. 12 at 2.  On

16   remand, as ordered by the court in the prior appeal, "the ALJ shall explicitly discuss the

17   Plaintiff's allegations of limitations caused by her digestive disorder and either credit them or

18   provide legally sufficient reasons to discount them."  Tr. 1360.

19          **2.      Pain**

20          The ALJ discounted Plaintiff's pain testimony because her pain improved with treatment.

21   Tr. 1260-61.  Evidence showing treatment returns a claimant to a level of function consistent

22   with work or close to the level prior to impairments can undermine a claim of disability.

23   *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).  But the evidence the ALJ cited fails

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 2

1  to show such improvement.  The ALJ cited a September 2014 treatment note reporting "Humira

2  had not improved her joint pain" although other pain decreased with prednisone.  Tr. 637, 641.

3  The Commissioner cites a treatment note showing Plaintiff believed Humira helped her joint

4  pain somewhat because "her joint pains were worse when she was off of it for a period."  Tr.

5  1163.  This note establishes Plaintiff continued to have joint pain when on Humira.  The

6  Commissioner also cites a record, from a February 2016 visit to the emergency department for

7  worsening suicidal ideation, showing "[n]o joint pain."  Tr. 871.  Because the visit was focused

8  on mental health, and because the record is replete with reports of joint pain, this is not

9  substantial evidence to support the ALJ's finding of improvement with treatment.  *See*, *e.g.*, Tr.

10  653, 821.  Substantial evidence does not show Plaintiff's pain improved to a level where she

11  could work or otherwise contradicted her testimony.  The ALJ accordingly erred in discounting

12  Plaintiff's pain testimony.

13  **3.     Mental Impairments**

14  The ALJ discounted Plaintiff's claims of mental impairments based on inconsistency

15  with the medical evidence and her activities.  Tr. 1259-63.

16  **a)     Medical Evidence**

17  The ALJ found Plaintiff improved with treatment compliance but sometimes failed to

18  follow treatment recommendations, and exacerbations of her impairments were due to drug use.

19  Tr. 1259-62.

20  Some improvement does not equate to complete restoration of function, and "'doing well

21  for the purposes of a treatment program has no necessary relation to a claimant's ability to work

22  or to her work-related functional capacity.'"  *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir.

23  2014) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)).  This applies to

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 3

1    Plaintiff's reports of "doing well" in group therapy.  *See*, *e.g.*, Tr. 1613, 1677.  Further other

2    evidence the ALJ cited fails to show Plaintiff improved to a degree enabling work or

3    contradicting her testimony.  For example, a June 2014 treatment note indicated "improved"

4    mood and affect in the last three sessions, but did not indicate the degree of improvement.  Tr.

5    393.  A February 2016 note mentioned Plaintiff's mood was "improved" to an unspecified

6    degree but remained "anxious and depressed," and reports abnormalities in Plaintiff's

7    appearance, behavior, speech, affect, and thought process.  Tr. 911.  In a December 2014

8    treatment note Plaintiff reported no mania or suicidal ideation, acceptable sleep, but still "[s]ome

9    breakthrough anxiety."  Tr. 616.  None of these contradict Plaintiff's testimony or show she can

10   work.  The ALJ erred by discounting Plaintiff's mental health testimony based on improvement

11   with treatment.

12           An "unexplained or inadequately explained failure" to seek treatment or follow

13   prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must

14   consider a claimant's proffered reasons.  *Trevizo*, 871 F.3d at 679-80.  Plaintiff cancelled therapy

15   appointments due to illness or extreme pain and sometimes had difficulty with self-care,

16   including taking medications and remembering appointments.  Tr. 581, 590, 585, 583, 586.  The

17   ALJ did not address these proffered explanations for missing appointments and thus erred in

18   discounting Plaintiff's testimony based on failure to follow treatment recommendations.

19           The ALJ noted Plaintiff was hospitalized twice for mental impairments, and found drug

20   use responsible for the second one.  Tr. 1259, 1260-61.  This finding is not supported by

21   substantial evidence.  The record shows Plaintiff's mental health was deteriorating for two weeks

22   before hospitalization, and drug use only occurred in the second week.  Tr. 870.  Moreover, drug

23

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 4

1  use does not appear to account for the first hospitalization.  Drug use was not a clear and

2  convincing reason to discount Plaintiff's testimony.

3          **b)      Activities**

4          The ALJ found Plaintiff's ability to create "feather mobiles" her therapist described as

5  "beautiful works of art" and to "contemplate selling them" indicated "a level of forethought and

6  attention" inconsistent with her testimony.  Tr. 1261 (citing Tr. 1013).  In the prior appeal, the

7  court found "[g]iven that Plaintiff suggested that her creativity was tied to her mania ([Tr.] 993),

8  it is not reasonable to assume that this activity demonstrated, as the ALJ found, that she could

9  sufficiently plan ahead and maintain attention."  Tr. 1362.  Nothing in the ALJ's current decision

10  supports finding creation of feather mobiles resulted from forethought and attention rather than

11  creative mania.  As for sales, Plaintiff's therapist asked if Plaintiff had considered selling them,

12  and Plaintiff replied she had.  Tr. 1013.  The record reveals no subsequent action or plan of any

13  kind to sell the mobiles.  That it occurred to Plaintiff to sell her works of art is not substantial

14  evidence of forethought or sustained attention.

15          Other activities the ALJ cited were self-care and basic activities of daily living "albeit

16  with reminders and occasional breaks."  Tr. 1262.  Requiring reminders to accomplish basic self-

17  care does not contradict Plaintiff's testimony.  The ALJ cited a treatment note reporting Plaintiff

18  stated she and her mother "each have [a] sewing machine desk in the living room, [and] each

19  have an art table. [I]t's an amazing way to live."  Tr. 1703.  The ALJ found this was evidence

20  Plaintiff could "take part in a relatively normal daily or weekly routine."  Tr. 1263.  Nothing in

21  the treatment note shows Plaintiff engaged in a routine.  Finally, the ALJ found Plaintiff

22  regularly appearing "neatly groomed" at therapy contradicted her testimony "she often does not

23  shower due to an aversion to water."  Tr. 1262.  Plaintiff testified at the 2016 hearing she

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 5

1    showers "every three days" or weekly if she is "struggling mentally" due to her phobia of water.

2    Tr. 63.  Whether or not showering once or twice a week qualifies as "often," it is not

3    incompatible with being neatly groomed.  Inconsistency with Plaintiff's activities was not a clear

4    and convincing reason to discount her testimony.

5         The ALJ erred by discounting Plaintiff's mental symptom testimony without a clear and

6    convincing reason.

7    **B.    Medical Opinions**

8         An ALJ may only reject the contradicted opinion of a treating or examining doctor by

9    giving "specific and legitimate" reasons.  *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

10        **1.    Margaret Bone, M.D.**

11        Treating doctor Margaret Bone, M.D. opined in March 2014 Plaintiff had marked

12   limitations in several basic work activities such as maintaining punctual attendance, adapting to

13   changes, and completing a normal workday and workweek.  Tr. 757.  The ALJ gave the opined

14   marked limitations little weight because they were out of proportion to mental status examination

15   results, medication improved Plaintiff's symptoms, and Dr. Bone's treatment notes were a

16   "rehash" of Plaintiff's self-reports.  Tr. 1264-65.  None of these constitute specific and legitimate

17   reasons supported by substantial evidence.

18        Substantial evidence does not support the ALJ's finding mental status examinations were

19   largely normal.  Dr. Bone's mental status examination documented abnormalities in speech,

20   attitude and behavior, mood, affect, memory, and concentration.  Tr. 758.  Several other mental

21   status examinations the ALJ cited also reveal abnormalities.  *See, e.g.*, Tr. 360 (abnormalities in

22   attitude, appearance, affect, mood, suicidal ideation, and judgment).

23

1    The ALJ cited a notation Plaintiff's bipolar disorder was "stable," which does not

2    indicate her symptoms improved to a level where she could work or otherwise contradict Dr.

3    Bone's opinions.

4    Substantial evidence does not support the ALJ's finding Dr. Bone's treatment notes

5    largely regurgitated Plaintiff's self-reports.  While the notes document Plaintiff's self-reports,

6    they also document extensive objective observations of appearance, eye contact, mood, affect,

7    speech, thought process, and thought content, as well as Dr. Bone's assessments.  Tr. 554-56.

8    The ALJ erred by discounting Dr. Bone's treatment notes without a specific and

9    legitimate reasons.

10        **2.    David Mashburn, Ph.D.**

11    Dr. Mashburn examined Plaintiff in 2017 and 2019, both times opining marked

12    limitations in several basic work activities.  Tr. 1832, 1825.  The ALJ did not address the 2017

13    opinion and gave the 2019 opinion little weight as inconsistent with the overall evidence and

14    based on Plaintiff's self-reports.  Tr. 1265.  These were not specific and legitimate reasons

15    supported by substantial evidence.  The overall evidence is replete with abnormal mental status

16    findings.  And Dr. Mashburn conducted a professional clinical interview and mental status

17    examination documenting abnormalities in affect, thought process and content, orientation,

18    memory, fund of knowledge, and concentration.  Tr. 1833-34, 1826-27.

19    The ALJ also found some of Plaintiff's responses during the mental status examinations

20    "simply suggest poor education (e.g., poor serial #s)."  Tr. 1265.  But the ALJ found Plaintiff had

21    at least a high school education, and inferring her high school education did not encompass how

22    to subtract three is not reasonable.  Tr. 1268; Tr. 1834 (Dr. Mashburn found "very poor serial

23    3's"); *see Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he

1   Commissioner's findings are upheld if supported by inferences reasonably drawn from the

2   record.").

3        The ALJ erred by failing to address Dr. Mashburn's 2017 opinion and discounting his

4   2019 opinion without a specific and legitimate reason supported by substantial evidence. *See*

5   *Garrison*, 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion …, he

6   errs.").

7        **3.      Lynne Munoz, ARNP**

8        Treating provider Ms. Munoz provided several reports opining Plaintiff was unable to

9   work.  The ALJ could only reject Ms. Munoz's opinions by providing a germane reason.

10  *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014).  The ALJ discounted all these opinions

11  as inconsistent with contemporaneous medical records.  Tr. 1265-67.

12       In 2016 Ms. Munoz opined marked limitations in several basic mental work activities.

13  Tr. 1233-34.  The ALJ found this inconsistent with the most recent mental status examination

14  findings being "within normal limits."  Tr. 1265.  But the examination actually shows

15  abnormalities in affect, mood, and suicidal ideation.  Tr. 1095.  The ALJ's finding is not

16  supported by substantial evidence.

17       In 2017 Ms. Munoz opined Plaintiff's ankylosing spondylitis made Plaintiff unable to sit,

18  stand, walk, lift, carry, handle, push, pull, reach, stoop, or crouch.  Tr. 1822.  It appears the ALJ

19  erroneously conflated this opinion with Dr. Mashburn's 2017 opinion, which was part of the

20  same exhibit.  *See* Tr. 1266 (ALJ stated Ms. Munoz based her opinion "more on the claimant's

21  mental impairments"); Tr. 1822 (Ms. Munoz opined debilitating limitations based on ankylosing

22  spondylitis, attributing only difficulty communicating to bipolar depression).  On remand, the

23  ALJ should properly address Ms. Munoz's 2017 opinion.

In March 2019 Ms. Munoz opined Plaintiff's mental impairments would cause difficulty more than 20 percent of the time in basic mental work activities such as maintaining concentration. Tr. 1726. The ALJ discounted this opinion because in a contemporaneous treatment note Plaintiff stated she was "doing very good." Tr. 1724. The treatment note did not, however, address issues such as concentration and thus did not contradict Ms. Munoz's opinions.

In April 2019 Ms. Munoz opined Plaintiff's physical and mental impairments made her unable to sustain work. Tr. 1813. The ALJ discounted these opinions based on Ms. Munoz's own largely normal clinical findings. Tr. 1267. However, the opinions were based in part on fibromyalgia, which lacks objective findings. *See Revels*, 874 F.3d at 663. The ALJ also discounted the opinions because they were so extreme as to require Plaintiff to recline most of the time, inconsistent with Plaintiff's activities. Tr. 1267. Ms. Munoz opined Plaintiff could only stand/walk 15 minutes and sit 30 minutes total per day, yet also opined every 30 minutes she would need to walk around for two minutes before being able to sit down and work again. Tr. 1809. Either Ms. Munoz misunderstood the form or her opinions require reclining for all but 45 minutes per day. Either way, this was a germane reason to discount her opinion.

The ALJ erred by discounting Ms. Munoz's 2016, 2017, and March 2019 opinions, but did not err by discounting her April 2019 opinions.

## C.   Scope of Remand

Plaintiff requests remand for an award of benefits because, if the improperly rejected evidence were credited as true, Plaintiff must be found disabled. Dkt. 11 at 18. "This is an erroneous reading of [Ninth Circuit] case law, which requires [the Court] to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the [improperly discredited evidence] is credible as a matter of law." *Treichler v. Comm'r of Soc.*

*Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).  As the Commissioner points out, evidentiary conflicts requiring resolution remain.  Dkt. 12 at 10.  The ALJ gave significant weight to examining and nonexamining doctors' opinions of nondisability, conflicting with Dr. Bone's, Dr. Mashburn's, and Ms. Munoz's opinions.  Tr. 1263-64.  These are conflicts the ALJ, not this Court, must resolve.  The Court concludes remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate Plaintiff's testimony and the opinions of Dr. Bone, Dr. Mashburn, and Ms. Munoz; develop the record and reassess the RFC as appropriate; and proceed to step five as needed.

DATED this 23rd day of April, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS -
10